UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YELENA TELICHENKO

    Petitioner,

v.                                       CASE NO. 6:08-cv-472-Orl-31DAB
                                                  (6:06-cr-118-Orl-31DAB)

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Yelena Telichenko. The Government filed responses (Doc. Nos. 9 & 12) to the section 2255 motion in compliance with this Court's instructions and with *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner was provided an opportunity to file replies to the responses but did not do so.

Petitioner alleges five claims for relief: (1) the Government violated her right to consular access pursuant to the Vienna Convention; (2) her conviction was based on the perjured testimony of the victim and the Government failed to disclose evidence about the victim; (3) trial counsel rendered ineffective assistance by failing to challenge the Government's breach of the plea agreement; (4) trial counsel rendered ineffective assistance by failing to interview the victim; and (5) trial counsel rendered ineffective assistance by

advising Petitioner that she would receive a sentence of 51 months of imprisonment. For the following reasons, Petitioner's § 2255 motion is denied.

## I.     *Procedural History*

Petitioner was charged by a superceding information with one count of forced labor (Criminal Case No. 6:06-cr-118-Orl-31DAB, Doc. No. 43).[1] On October 30, 2006, pursuant to a written plea agreement (Criminal Case Doc. No. 42), Petitioner entered a plea of guilty before Magistrate Judge David A. Baker to the superceding information.[2] Magistrate Judge Baker filed a Report and Recommendation, recommending that the plea be accepted and that Petitioner be adjudicated guilty (Criminal Case Doc. No. 48). On November 20, 2006, this Court accepted the plea and adjudicated Petitioner guilty (Criminal Case Doc. No. 54). Petitioner filed a motion to withdraw her plea, which the Court denied on February 26, 2007. A sentencing hearing was conducted, and on March 30, 2007, the Court entered a Judgment in a Criminal Case, sentencing Petitioner to a 78-month term of imprisonment to be followed by three years of supervised release (Criminal Case Doc. No. 71). Petitioner did not appeal her conviction or sentence.

## II.     *Legal Standard*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief

---

[1] Criminal Case No. 6:06-cr-118-Orl-31DAB will be referred to as "Criminal Case."

[2] Pursuant to the plea agreement, the original indictment and superceding indictment against Petitioner were dismissed.

on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.  *Analysis*

    A.  *Claims One and Two*

Petitioner asserts that the Government violated her right to consular access pursuant to the Vienna Convention (claim one). She also maintains that her conviction was based on the perjured testimony of the victim and the Government failed to disclose evidence about the victim (claim two).[3]

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). However, a defendant can avoid the procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a

---

[3]Petitioner does not state what evidence the Government failed to disclose about the victim. The Court assumes, however, that Petitioner is referring to the victim's attempt to remain in the United States and her efforts to enter the country, to which Petitioner repeatedly referred during her sentencing hearing. The Court notes that Petitioner pled guilty to forced labor. Therefore, any claim that her conviction was obtained as a result of the victim's perjured testimony is without merit.

constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

In the present case, Petitioner did not raise claims one and two on direct appeal. Furthermore, she has not alleged or otherwise demonstrated cause or prejudice with regard to her failure to raise these claims on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar; therefore, her failure to raise these claims on direct appeal constitutes a waiver and bars her from raising claims one and two in the instant motion.

### B. *Claims Three, Four, and Five*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to challenge the Government's breach of the plea agreement,[4] by failing to interview the victim, and by advising Petitioner that she would receive a sentence of 51 months of imprisonment. Petitioner asserts that counsel's failure to interview the victim rendered her plea involuntary. Seemingly, Petitioner argues that counsel should have interviewed the victim to discover that she was an illegal alien and that she cooperated with the Government in order to receive her green card. Petitioner also contends that had she known she was subject to a sentence of more than 51 months, she would not have pled guilty.

---

[4]Petitioner does not allege how the Government breached the plea agreement.

5

Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 42). Pursuant to the agreement, Petitioner agreed:

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [her] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [her] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then [Petitioner] is released from his [sic] waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

*Id*. at 9 (emphasis in original). During her change of plea hearing, Petitioner acknowledged that she understood that by pleading guilty she was waiving her right to collaterally attack her conviction or sentence pursuant to § 2255. (Criminal Case Doc. No. 62 at 23.)

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *Id*. at 1342. The Eleventh Circuit, however, has indicated that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel. *Patel v. United States*, 252 Fed. Appx. 970, 974-75 (11th Cir. 2007). Therefore, Petitioner's knowing and voluntary waiver in the plea agreement generally bars

6

her from pursuing collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself.

In the instant case, this Court concludes that the plea agreement and waiver were knowing and voluntary. As set forth above, the Court addressed the appeal waiver provision during the change of plea hearing. (Criminal Case Doc. No. 62 at 23.) Moreover, the record reveals that Petitioner understood the full significance of her waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing.").

Furthermore, the record demonstrates that Petitioner's plea of guilty was knowingly and voluntarily entered. The three primary requirements imposed by Federal Rule of Criminal Procedure 11 before the Court may accept a plea of guilty are: "'(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.'" *United States v. Garcia*, 2009 WL 975539, *1 (11th Cir. 2009) (quoting *United States v. Siegel*, 102 F.3d 477, 480 (11th Cir. 1996)). As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id*. at 1012 (quotation omitted) (citations omitted).

The Court in this case conducted a thorough and comprehensive plea colloquy. Petitioner stated under oath that she was not threatened or coerced to plead guilty. (Criminal Case Doc. No. 62 at 9-10.) Petitioner acknowledged that she had reviewed the charging document with her attorney and that she was satisfied with her attorney's services. *Id*. at 8-9. Petitioner also affirmed that she had read the plea agreement, had discussed it with her attorney, and understood the plea agreement. *Id*. at 11-12. Petitioner was advised that she was subject to a maximum sentence of twenty years. *Id*. at 16. Petitioner acknowledged that she understood that regardless of what recommendations the Government made as to her sentence or what her attorney's predictions were as to her sentence, those recommendations and predictions were not binding on the Court. *Id*. at 12, 17-18. The Court advised Petitioner that she would not be permitted to withdraw her guilty plea even if her sentence was different from what her attorney recommended, and Petitioner affirmed that she understood this. *Id*. at 12. Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

To the extent Petitioner is challenging the validity of the plea in claims one through three, her claims are without merit. First, Petitioner does not assert how the Government breached the plea agreement nor does she assert that counsel's alleged failure to raise such a claim resulted in her plea being involuntary. Second, as to Petitioner's assertion that counsel failed to interview the victim, Petitioner does not demonstrate how she was prejudiced by counsel's alleged failure to do so. The record reveals that Petitioner knew the victim and was aware of her illegal alien status and her purported motive for aiding the Government with Petitioner's prosecution. Petitioner does not indicate what further information counsel would have discovered had he interviewed the victim or how that information would have resulted in a different outcome to Petitioner's case. Finally, Petitioner's assertion that she would not have pled guilty absent counsel advising her that she would receive a sentence of 51 months is refuted by the record. As noted above, the Court advised Petitioner that she was subject to a maximum sentence of twenty-years of imprisonment, that counsel's predictions or recommendations as to her sentence were not binding, that the Court would consider numerous factors in determining her sentence, and that Petitioner would not be allowed to withdraw her guilty plea even if her sentence was different from what her attorney advised her. The Court concludes, therefore, that Petitioner has not demonstrated that counsel's conduct resulted in her plea being involuntary. Accordingly, claims one through three are barred from consideration by the appeal waiver provision and are otherwise without merit.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed March 31, 2008) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:06-cr-118-Orl-31DAB and the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 75) pending in that case.

**DONE AND ORDERED** IN Orlando, Florida, this 20th day of May, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 5/20
Yelena Telichenko
Counsel of Record